East'n. District,
July 1825.

PILIE
vs.
DREUX'S SYN-
DICG.

The answer of Ferrier & Staels urges the nullity of the alleged sale, it being made by Wiltz and J. Dreux, while the latter was not duly appointed syndic.

The plaintiff had judgment and the defendants appealed.

The sale to the plaintiff was made in the same manner as that of the syndics to Saulet. which was examined in the case of *Saulet* vs. *Dreux's syndics*, lately determined, *vol* 3, 615, and the sale to the plaintiff transferred to him, the insolvent's right in the slave; he has paid the price, it is accordingly just the mortgage he has given should be cancelled.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Moreau* for the plaintiff, *Seghers* for the defendants.

---

### FRERET vs. DREUX'S SYNDICS.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.

The same judgment was given in this case, as in that immediately preceding it.

East'n. District.
*July* 1825.

FRERET
*vs.*
DREUX'S SYN-
DICS.

*Grymes* for the plaintiff, *Seghers* for the defendant.

---

### *WILLIAMS & AL.* vs. *SPENCER & AL.*

APPEAL from the court of the third district.

MARTIN, J. delivered the opinion of the court. This suit originated in the court of probates of East Feliciana, and the object of it was the partition of the estate of Rebecca Horton, the ancestor of all the parties: But the petition states, that the estate, consisting of real and personal property, is claimed by the defendants, under a written conveyance, which the plaintiffs allege was entered into without any consideration.

The answer denies the jurisdiction of the court of probates, and avers title in the defendants.

The court of probates sustained the plea to its jurisdiction, and dismissed the petition. The plaintiffs appealed to the district court, which affirmed the judgment, and they appealed to this court.

If a case, which ought to have been brought in the district court, is brought in the court of probates, where it is dismissed for want of jurisdiction, the district court, in affirming the judgment of the court of probates cannot pass on the merits of the case.